AO 472 (Rev. 3/86) Order of Detention Pending Trial

# United States District Court
### DISTRICT OF KANSAS

| UNITED STATES OF AMERICA | |
|---|---|
| v. | **ORDER OF DETENTION PENDING TRIAL** |
| <u>EDGARDO ZAZUETA-ANGULO</u><br>*Defendant* | Case Number:  08-20032-01-CM-JPO |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held.  I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I - Findings of Fact**

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).

  ☐ an offense for which the maximum sentence is life imprisonment or death.

  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____

  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f) (1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community.  I further find that the defendant has not rebutted this presumption.

**Alternative Findings (A)**

☐ (1) There is probable cause to believe that the defendant has committed an offense

  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____

  ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings (B)**

☐ (1) There is a serious risk that the defendant will not appear.

☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

_____
_____
_____
_____

**Part II - Written Statement of Reasons for Detention**

I find that the credible testimony and information submitted at the hearing establishes by (clear and convincing evidence) (a preponderance of the evidence) that

(See attached pages)

**Part III - Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: March 19, 2008

s/ David J. Waxse
*Signature of Judicial Officer*

DAVID J. WAXSE, U.S. MAGISTRATE JUDGE
*Name and Title of Judicial Officer*

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

U.S.A. v. Edgardo Zazueta-Angulo
Criminal Action 08-20032-01-CM-JPO

## Part II - Written Statement of Reasons for Detention

There are a series of factors we have to look at to determine whether there are conditions that will assure the appearance of the defendant and the safety of the community.

The first factor is the nature and circumstances of the offense charged, including whether or not it involves a controlled substance which it clearly does, so that is a negative.

The next factor is the weight of the evidence. There has been a Grand Jury determination of probable cause so that is a negative.

The next factor is the history and characteristics of the person, including their physical and mental condition. There is no indication of any problems there, so that is positive.

Family ties are negative.

Employment is negative.

The next factor is financial resources. There is no indication that defendant has substantial resources that would enable him to flee, so that is positive.

Length of residence in the community is negative.

Community ties are negative.

The next factor is past conduct, which includes history relating to drug or alcohol abuse, criminal history, or record concerning appearance at court proceedings. There is no indication of any problems there, so that is positive.

The next factor is whether at the time of the current offense the person was on probation, parole, or other release, and there is no indication of that.

The final factor is the nature and seriousness of the danger that would be posed to the community by the person's release. Any time you are distributing large amounts of narcotics, that is a danger.

The primary problem here is that this is a presumption case, which means you are to be detained unless you can convince me there are conditions, as opposed to the normal standard where the government has to prove that you are a problem.  Based on that, I do not find that you have shown there is reason to believe conditions will keep you in the country or keep you in the jurisdiction of the court, so you are going to remain detained.